IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| JUSTIN SHAWN BULL, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:19-CV-198-Z |
| | § | |
| DIRECTOR, TDCJ-CID, | § | |
| | § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
TO DISMISS PETITION FOR A WRIT OF HABEAS CORPUS**

Before the Court is a *Petition for a Writ of Habeas Corpus by a Person in State Custody* filed by petitioner JUSTIN SHAWN BULL challenging the constitutional legality or validity of his state court convictions and sentences. [ECF 1]. For the following reasons, petitioner's habeas application should be DISMISSED.

I.
STATEMENT OF THE CASE

On February 4, 2015, petitioner was charged by Indictment in Randall County, Texas with the 3rd degree felony offense of assault of a family/household member impeding breathing/circulation in violation of Texas Penal Code § 22.01(b)(2)(B). *State v. Bull*, No. 25,670-C. *See Randall County Judicial Records – Criminal Records* (attached as Exhibit A).[1] On March 24, 2015, after petitioner entered a plea of guilty to the charged offense, the 251st District Court deferred further proceedings without making a finding of guilt or rendering judgment and placed petitioner on community supervision, subject to conditions, for a period of five (5) years.

---

[1] http://odysseypa.tylerhost.net/Randall/CaseDetail.aspx?CaseID=201721

On May 17, 2017, petitioner was charged by Indictment in Randall County, Texas with the 2nd degree felony offense of aggravated assault with a deadly weapon in violation of Texas Penal Code § 22.02(a)(2), and the 3rd degree felony offense of assault of a family/household member with a previous conviction of the same offense in violation of Texas Penal Code § 22.01(b)(2)(A). *State v. Bull*, No. 27,548-C.   *See Randall County Judicial Records – Criminal Records* (attached as Exhibit B).[2]   As a result, the State filed a motion to revoke petitioner's community supervision and to adjudicate guilt in Cause No. 25,670-C, alleging petitioner failed to comply with the terms and conditions of his release.

On July 24, 2017, in Cause No. 25, 670-C, the 251st District Court found petitioner violated certain terms and conditions of his community supervision and granted the State's motion to adjudicate petitioner's guilt.   Based on his previous guilty plea to the offense, the trial court found petitioner committed the 3rd degree felony offense of assault of a family/household member impeding breathing/circulation as alleged in the Indictment, adjudged petitioner guilty of that offense, and assessed a sentence of five (5) years confinement in the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ-CID).

On that same date, the 251st District Court also convicted petitioner, pursuant to his guilty plea, of the aggravated assault and assault of a family/household member offenses charged in Cause No. 27,548-C and assessed a sentence of five (5) years confinement in TDCJ-CID for each offense, said sentences to run concurrent with his prior 5-year sentence.   Petitioner did not file direct appeals of his convictions and sentences in either case, or of the state trial court's determination to adjudicate guilt in Cause No. 25,670-C.

On or about September 30, 2019, petitioner placed handwritten correspondence in the prison mail system, said correspondence being received and file-stamped on October 7, 2019 and

---

[2] http://odysseypa.tylerhost.net/Randall/CaseDetail.aspx?CaseID=221143

docketed as the instant petition for writ of habeas corpus.³ [ECF 1]. On October 28, 2019, the undersigned entered a Briefing Order directing petitioner to answer certain questions relating to the exhaustion of his state court remedies and the timeliness of the filing of his federal habeas application. [ECF 7]. On November 12, 2019, petitioner filed his response to the Briefing Order wherein he, *inter alia*, acknowledges he has <u>not</u> filed a petition for a state writ of habeas corpus under article 11.07 of the Texas Code of Criminal Procedure challenging his convictions in Cause Nos. 25,670-C and 27,548-C with the Randall County District Clerk. [ECF 8].

## II.
## PETITIONER'S ALLEGATIONS

Petitioner appears to contend he is being held in violation of the Constitution and laws of the United States for the following reasons:

1. Petitioner's guilty pleas in both cases were involuntary and unknowing;

2. Petitioner was denied effective assistance of trial counsel; and

3. Petitioner was incompetent to stand trial.⁴

## III.
## EXHAUSTION OF STATE COURT REMEDIES

Federal statute provides:

(b)(1)  An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that –

   (A)  the applicant has exhausted the remedies available in the courts of the State; or

   (B)(i)  there is an absence of available State corrective process; or

---

³Petitioner is confined in the Hodge Unit in Cherokee County, Texas that operates as a Developmental Disabilities Program for developmentally disable inmates. Petitioner submitted his correspondence to the United States District Court for the Eastern District of Texas, Tyler Division, who subsequently transferred the case to this Court.

⁴It appears prior cases brought against petitioner in Randall County were dismissed based on a finding of petitioner's incompetency. *See State v. Bull*, Nos. 20068C, 2009-0052-1, 2014-0176-1.

    (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

 (2) An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.

 (3) . . .

(c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

28 U.S.C. § 2254(b), (c). The exhaustion doctrine set forth in section 2254 requires that the state courts be given the initial opportunity to address and, if necessary, correct alleged deprivations of federal constitutional rights in state cases. *Castille v. Peoples*, 489 U.S. 346, 349 (1989). The doctrine serves "to protect the state courts' role in the enforcement of federal law and prevent disruption of state judicial proceedings." *Rose v. Lundy*, 455 U.S. 509 (1982).

> Under our federal system, the federal and state courts are equally bound to guard and protect rights secured by the Constitution. Because it would be unseemly in our dual system of government for a federal district court to upset a state court conviction without an opportunity to the state courts to correct a constitutional violation, federal courts apply the doctrine of comity, which teaches that one court should defer action on causes properly within its jurisdiction until the courts of another sovereignty with concurrent powers, and already cognizant of the litigation, have had an opportunity to pass upon the matter.

*Id.* (brackets, internal quotation marks, and citations omitted).

  To have exhausted his state remedies, a habeas petitioner must have *fairly presented* the *substance* of his federal constitutional claims to the state courts. *Nobles v. Johnson*, 127 F.3d 409, 420 (5th Cir. 1997), *cert. denied*, 523 U.S. 1139 (1998). This requires that any federal constitutional claim presented to the state courts be supported by the same factual allegations and legal theories upon which the petitioner bases his federal claims. *Picard v. Connor*, 404 U.S. 270, 276 (1971). Further, in order to satisfy the federal exhaustion requirement, petitioner must

fairly present each constitutional claim he wishes to assert in his federal habeas petition to the **highest** state court in a procedurally proper manner. *Nickleson v. Stephens*, 803 F.3d 748, 753 (5th Cir. 2015). In the State of Texas, the Court of Criminal Appeals in Austin, Texas is the highest court that has jurisdiction to review a petitioner's confinement. Tex. Code Crim. Proc. Ann. art. 44.45 (2019). Claims may be presented to that court on collateral review through an application for a writ of habeas corpus, *see* Tex. Code Crim. Proc. Ann. art. 11.01 et seq. (2019), or on direct appeal by a petition for discretionary review.

As noted above, in his response to the Court's Briefing Order, petitioner acknowledges he has not filed a petition for a <u>state</u> writ of habeas corpus under article 11.07 of the Texas Code of Criminal Procedure challenging his convictions and sentences in Cause Nos. 25,670-C and 27,548-C with the Randall County District Clerk. Based upon petitioner's response to the Court's briefing order, and as confirmed by the current online case information for the Texas Judicial Branch,[5] it does not appear that petitioner has presented his claims to the state's highest court by a collateral state habeas corpus application, initially filed with the district court of conviction, challenging the constitutionality of his state court convictions. Therefore, the state's highest court has not had an opportunity to review and determine the merits of petitioner's claims. Consequently, petitioner's claims have not been exhausted, and his federal habeas petition is subject to summary dismissal in order that petitioner may present his claims to, and obtain a ruling by, the Texas Court of Criminal Appeals. Accordingly, as the record now exists, the instant federal habeas petition must be dismissed for failure to exhaust.[6]

---

[5]http://search.txcourts.gov/CaseSearch.aspx?coa=coscca&s=c

[6]Only after the state court proceedings are concluded and the claims fully exhausted may petitioner present his claims to this Court by way of a federal petition pursuant to 28 U.S.C. § 2254. The Court notes, however, that even if petitioner properly exhausts his claims with the state courts and then attempts to raise his claims in this Court, petitioner must still overcome application of the statute of limitations bar as noted in the Court's Briefing Order.

## IV.
## RECOMMENDATION

It is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the petition for a writ of habeas corpus filed by petitioner JUSTIN SHAWN BULL be DISMISSED.

## V.
## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Findings, Conclusions and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED November 18, 2019.

_____
LEE ANN RENO
UNITED STATES MAGISTRATE JUDGE

## * NOTICE OF RIGHT TO OBJECT *

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Findings, Conclusions and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).

# EXHIBIT A

## REGISTER OF ACTIONS
### CASE NO. 25670C

| | | |
|---|---|---|
| **STATE OF TEXAS Vs. JUSTIN SHAWN BULL** | Case Type: | **Adult Felony** |
| | Date Filed: | **02/04/2015** |
| | Location: | **251st District Court** |

### PARTY INFORMATION

| | | | Attorneys |
|---|---|---|---|
| **Defendant** | **BULL, JUSTIN SHAWN** <br> AMARILLO, TX 79118 <br> SID: TX07769351 | Male White <br> DOB: 05/29/1991 <br> 6' 0", 232 lbs | **Q. TODD HATTER** <br> *Court Appointed* <br> 806-220-0005(W) |
| | | | ~~Q. TODD HATTER~~ <br> *~~Court Appointed~~* <br> ~~806-220-0005(W)~~ |
| **State** | **THE STATE OF TEXAS** <br> CANYON, TX 79015 | Other | |

### CHARGE INFORMATION

| Charges: BULL, JUSTIN SHAWN | Statute | Level | Date |
|---|---|---|---|
| 1. ASSAULT FAM/HOUSE MEM IMPEDE BREATH/CIRCULAT | 22.01(b)(2)(B) | Third Degree Felony | 01/07/2015 |

### EVENTS & ORDERS OF THE COURT

**DISPOSITIONS**

| | |
|---|---|
| 03/24/2015 | **Disposition** (Judicial Officer: Estevez, Ana) <br> 1. ASSAULT FAM/HOUSE MEM IMPEDE BREATH/CIRCULAT <br> Deferred |
| 03/24/2015 | **Plea** (Judicial Officer: Estevez, Ana) <br> 1. ASSAULT FAM/HOUSE MEM IMPEDE BREATH/CIRCULAT <br> Guilty |
| 03/24/2015 | **Sentenced - Deferred - (OCA)** (Judicial Officer: Estevez, Ana) <br> 1. ASSAULT FAM/HOUSE MEM IMPEDE BREATH/CIRCULAT <br> CSCD 5 Years |
| 07/24/2017 | **Amended Disposition** (Judicial Officer: Estevez, Ana) Reason: Judge Ordered <br> 1. ASSAULT FAM/HOUSE MEM IMPEDE BREATH/CIRCULAT <br> Convicted |
| 07/24/2017 | **Amended MTR - ADULT SENTENCE-PRISON (OCA)** (Judicial Officer: Estevez, Ana) Reason: Judge Ordered <br> 1. ASSAULT FAM/HOUSE MEM IMPEDE BREATH/CIRCULAT <br> CSCD 5 Years <br> Confinement to Commence 07/24/2017 <br> 5 Years, Texas Department of Corrections, Texas Department of Criminal Justice <br> Concurrent with Prior Sentence |

**OTHER EVENTS AND HEARINGS**

| | |
|---|---|
| 01/20/2015 | **COMPLAINT FILED** <br> *RCSO NO WARRANT* |
| 01/23/2015 | **BOND** <br> *AMARILLO BB/$15,000* |
| 01/23/2015 | **MAGISTRATE'S WARNING** |
| 01/23/2015 | **FINANCIAL INFORMATION STATEMENT** |
| 01/23/2015 | **COURT APPOINTED ATTORNEY** <br> *HATTER* |
| 02/04/2015 | **Indictment - (OCA)** |
| 02/04/2015 | **ORDER TRANSFERRING INDICTMENTS** |
| 02/18/2015 | **NOTICE OF COMPLIANCE WITH C.C.P. ART. 39.14** |
| 03/25/2015 | **EXTENSION FOR PAYMENT AGREEMENT** <br> *$25.00/MONTH* |
| 03/26/2015 | **WAIVER OF PRESERVATION OF EVIDENCE** |
| 03/26/2015 | **Trial Court's Certification of Defendant's Right to Appeal** |
| 03/26/2015 | **DEFENDANT'S WAIVER OF APPEAL AFTER SENTENCE** |
| 03/26/2015 | **PLEA MEMORANDUM, ADMONITIONS, WAIVERS & JUDICIAL CONFESSION** <br> *5YRS DA/$0* |

| Date | Entry |
|---|---|
| 03/26/2015 | **DOCKET SHEET** |
| 04/01/2015 | **Order To Pay Attorney Fee** |
| | *HATTER $600/AUDITOR 4-7-15* |
| 04/01/2015 | **Order Deferring Adjudication & Placing on Community Supervision** |
| | *5YRS DA/$0* |
| 04/06/2015 | **BILL OF COST** |
| 04/09/2015 | **EXTENSION FOR PAYMENT AGREEMENT** |
| 06/24/2015 | **NOTICE OF COMPLIANCE WITH C.C.P. ART. 39.14** |
| | *SUPPLEMENTAL* |
| 12/18/2015 | **SUPPLEMENTAL ORDER AMENDING CONDITIONS OF PROBATION** |
| 05/18/2017 | **MOTION TO REVOKE-OCA(e-filing)** |
| | *MTP* |
| 05/18/2017 | **REPORT PROBATION VIOLATION** |
| 05/19/2017 | **ORDER TO ISSUE ALIAS CAPIAS** |
| 05/19/2017 | **ISS CAPIAS/PRECEPT** |
| 05/22/2017 | **MAGISTRATE'S WARNING** |
| 06/01/2017 | **FILED SERVED CAPIAS/PREC** |
| | *SERVED $50* |
| 06/26/2017 | **COURT APPOINTED ATTORNEY** |
| | *HATTER* |
| 06/26/2017 | **NOTICE OF COMPLIANCE WITH C.C.P. ART. 39.14** |
| 07/24/2017 | **MOTION TO PROCEED** (9:00 AM) (Judicial Officer Estevez, Ana) |
| 07/24/2017 | **Order To Pay Attorney Fee** |
| | *HATTER $1200* |
| 07/25/2017 | **Trial Court's Certification of Defendant's Right to Appeal** |
| 07/25/2017 | **PUNISHMENT RECOMMENDATIONS** |
| 07/25/2017 | **DEFENDANT'S WAIVER OF APPEAL AFTER SENTENCE** |
| 07/25/2017 | **DOCKET SHEET** |
| 07/25/2017 | **JUDGMENT ADJUDICATING GUILT** |
| | *5YRS TDCJ/$0.00* |
| 07/25/2017 | **ISSUED PRECEPT** |
| 07/25/2017 | **BILL OF COST** |
| 08/07/2017 | **FILED PRECEPT** |
| 03/28/2018 | **NO EXPARTE COMMUNICATION WITH COURT-BLACK'S LAW** |
| 09/17/2018 | **NOTICE OF COMPLIANCE WITH C.C.P. ART. 39.14** |
| | *SUPPLEMENTAL* |

# EXHIBIT B

## REGISTER OF ACTIONS
### CASE NO. 27548C

| | | | |
|---|---|---|---|
| THE STATE OF TEXAS Vs. JUSTIN SHANE BULL | § § § § § | Case Type: | **Adult Felony** |
| | | Date Filed: | **05/17/2017** |
| | | Location: | **251st District Court** |

### PARTY INFORMATION

| | | | | Attorneys |
|---|---|---|---|---|
| **Defendant** | **BULL, JUSTIN SHANE** *Also Known As* BULL, JUSTIN SHAWN | | Male White | **Q. TODD HATTER** |
| | AMARILLO, TX 79118 | | DOB: 05/29/1991 | *Court Appointed* |
| | SID: TX07769351 | | 6' 0", 232 lbs | 806-220-0005(W) |
| | | | | |
| **State** | THE STATE OF TEXAS | | Other | |
| | CANYON, TX 79015 | | | |

### CHARGE INFORMATION

**Charges: BULL, JUSTIN SHANE** | **Statute** | **Level** | **Date**
---|---|---|---
1.  AGG ASSAULT W/DEADLY WEAPON | 22.02(a)(2) | Second Degree Felony | 04/15/2017
2.  ASSAULT FAMILY/HOUSEHOLD MEMBER W/PREV CONV | 22.01(b)(2)(A) | Third Degree Felony | 04/15/2017

### EVENTS & ORDERS OF THE COURT

**DISPOSITIONS**

07/24/2017 | **Plea** (Judicial Officer: Estevez, Ana)
1. AGG ASSAULT W/DEADLY WEAPON
   Guilty
2. ASSAULT FAMILY/HOUSEHOLD MEMBER W/PREV CONV
   Guilty

07/24/2017 | **Disposition** (Judicial Officer: Estevez, Ana)
1. AGG ASSAULT W/DEADLY WEAPON
   Convicted
2. ASSAULT FAMILY/HOUSEHOLD MEMBER W/PREV CONV
   Convicted

07/24/2017 | **Adult Sentence - Prison - (OCA)** (Judicial Officer: Estevez, Ana)
1. AGG ASSAULT W/DEADLY WEAPON
   Confinement to Commence 07/24/2017
   5 Years, Texas Department of Corrections, Texas Department of Criminal Justice
   Concurrent with Prior Sentence

07/24/2017 | **Adult Sentence - Prison - (OCA)** (Judicial Officer: Estevez, Ana)
2. ASSAULT FAMILY/HOUSEHOLD MEMBER W/PREV CONV
   Confinement to Commence 07/24/2017
   5 Years, Texas Department of Corrections, Texas Department of Criminal Justice
   Concurrent with Prior Sentence

**OTHER EVENTS AND HEARINGS**

04/25/2017 | **COMPLAINT FILED**
*RCSO NO WARRANT*
04/25/2017 | **MAGISTRATE'S WARNING**
04/27/2017 | **NOTICE OF COMPLIANCE WITH C.C.P. ART. 39.14**
05/02/2017 | **COURT APPOINTED ATTORNEY**
*HATTER*
05/17/2017 | **Indictment - (OCA)**
05/17/2017 | **ISS CAPIAS/PRECEPT**
05/18/2017 | **NOTICE OF COMPLIANCE WITH C.C.P. ART. 39.14**
*SUPPLEMENTAL*
05/23/2017 | **FILED SERVED CAPIAS/PREC**
*SERVED $50*

05/26/2017 | **COURT APPOINTED ATTORNEY**
*HATTER*
05/26/2017 | **FINANCIAL INFORMATION STATEMENT**
07/24/2017 | **Plea** (9:00 AM) (Judicial Officer Estevez, Ana)
07/24/2017 | **Order To Pay Attorney Fee**
*HATTER FEES IN 25670C*
07/25/2017 | **CONSENT TO DESTRUCTION OF EVIDENCE**

| Date | Entry |
|---|---|
| 07/25/2017 | **WAIVER OF PRESERVATION OF EVIDENCE** |
| 07/25/2017 | **Trial Court's Certification of Defendant's Right to Appeal** |
| 07/25/2017 | **DEFENDANT'S WAIVER OF APPEAL AFTER SENTENCE** |
| 07/25/2017 | **CERTIFICATE OF COMPLIANCE WITH C.C.P. ARTICLE 39.14** |
| 07/25/2017 | **ORDER APPROVING ADMONITIONS** |
| 07/25/2017 | **FELONY PLEA MEMORANDUM** *5YRS TDCJ, NO FINE* |
| 07/25/2017 | **Judgment of Conviction** *CT I: 5YRS TDCJ, NO FINE* |
| 07/25/2017 | **Judgment of Conviction** *CT II: 5YRS TDCJ, NO FINE* |
| 07/25/2017 | **BILL OF COST** |
| 07/25/2017 | **ISSUED PRECEPT** |
| 07/25/2017 | **DOCKET SHEET** |
| 08/07/2017 | **FILED PRECEPT** |
| 09/07/2017 | **ORDER WITHDRAW INMATE TRUST FUND** |
| 09/17/2018 | **NOTICE OF COMPLIANCE WITH C.C.P. ART. 39.14** *SUPPLEMENTAL* |